**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

Case No.     **3:11-cv-01507-BR**                                    Date: **August 6, 2013**

Case Title:    **Apantac, LLC v Avitech International Corporation, et al.**

Presiding Judge:  **Anna J. Brown**                      Courtroom Deputy:  **Bonnie Boyer**

**DOCKET ENTRY:**   Minutes of Proceeding

On August 6, 2013, the Court heard oral argument on Defendants' Motion (#92) to Compel and Motion (#109) Requesting Permission to Provide Copies of Deposition to Taiwan Authorities. For the reasons stated on the record, the Court rules as follows:

As to Defendants' Motion (#92) to Compel, the Court finds Defendants have shown the discovery sought herein is reasonably calculated to lead to the discovery of admissible evidence with the exception of the Court's on-the-record modification to subpart (4) of Request for Production No. 8. Accordingly, the Court **grants** this Motion as modified and **compels** Plaintiffs to produce the subject discovery following the Court's approval of conditions necessary to protect Plaintiff's proprietary interest in the discovery while still allowing Defendants' counsel and Defendants' expert(s) (but not Defendants' principals or others) reasonable access to the discovery pursuant to the existing Protective Order (#69). The Court directs counsel to confer meaningfully in an effort to reach agreement on such conditions and to file **no later than Noon, Friday, August 9, 2013,** their Joint Status Report reflecting such jointly proposed conditions and any additional disputed conditions together with the reasons supporting the disputed conditions. The Court will then consider the parties' proposed conditions and issue an Order determining the deadline to complete the ordered discovery and the conditions under which such discovery shall occur. In the exercise of its discretion, the Court also **denies** any award of costs or attorneys' fees incurred for this Motion #92.

In light of the ongoing and time-consuming discovery disputes the parties continue to have concerning, among other things, technical issues, the Court hereby notifies the parties of its intention, pursuant to Federal Rule of Civil Procedure 53, to consider the appointment of a Special Master whose fees would be paid by advance deposits required of the parties before any further discovery issues would

be considered by the Court (or by the Special Master).  The Court encourages counsel to re-focus their litigation efforts on completing discovery cooperatively and without undue delay and expense.  If counsel are unsuccessful in doing so, however, the Court will commence the process described in Rule 53 for the appointment of a Special Master at the parties' expense.

With respect to Defendants' Motion (#109), the Court does not see any basis for this Court to volunteer or otherwise to take action related to litigation involving the parties in Taiwan and beyond this Court's authority and jurisdiction.  Accordingly, the Court **denies** Motion #109.