IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**APANTAC, LLC,**                                              3:11-CV-01507-BR

       Plaintiff,

                                                         ORDER

v.

**AVITECH INTERNATIONAL CORP.**
**and JYH CHERN GONG,**

       Defendants.


**JOHN M. BERMAN**
**DAMON J. PETTICORD**
7175 SW Beveland, Ste. 210
Tigard, OR 97223
(503) 670-1122
(503) 620-7461

       Attorneys for Plaintiff

**FRANK S. HOMSHER**
**JOHN M. GRAHAM**
**JOHN J. TOLLEFSEN**
Tollefsen Law PLC
2122 164th St. SW Ste 300
Lynnwood, WA 98087-7812
503-224-4600

       Attorneys for Defendants


1 - ORDER

**BROWN, Judge.**

Special Master Stephen J. Joncus issued a Finding and Recommendation (#167) on the Parties' Motions to Compel (F&R) on January 3, 2014, in which he recommended the Court grant Plaintiff's Motion (#128) to Compel; deny Defendants' Motion (#129) to Compel Responses to Requests for Production Nos. 7 and 11; deny Defendants' Motion (#139) to Compel Responses to Requests for Production Nos. 8, 17, and 18; and deny Defendants' Motion (#144) to Compel Responses to Request for Production No. 6. The Special Master also recommended the Court dismiss Plaintiff's request for sanctions with leave to renew "at this time, at the close of the case, or not at all."

On January 13, 2014, Defendants filed Objections to the Special Master's Findings and Recommendations as to their Motions to Compel. The matter is now before this Court pursuant to Federal Rule of Civil Procedure 53(f).

### STANDARDS

The district court has discretion to appoint a special master and to decide the extent of his duties. *See Jaros v. E.I. Dupont (In re Hanford Nuclear Reservation Litig.)*, 292 F.3d 1124, 1138 (9th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 53(f), the special master must report to the court as required by the appointing order. Parties may file objections to

or motions to adopt or to modify the master's order, report, or recommendations no later than 21 days after a copy is served. Fed. R. Civ. P. 53(f). The court reviews all objections to the special master's findings and recommendations of facts and conclusions of law *de novo*. *Id.*

## DISCUSSION

**I.   The Special Master's F&R and Defendants' Objections**

The Special Master's recommendations are based on the following grounds:

1. Requests for Production Nos. 8, 17, and 18 are frivolous.

2. Request for Production No. 7 is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad as to time and subject matter, and is unreasonably cumulative.

3. Request for Production No. 11 is not reasonably calculated to lead to the discovery of admissible evidence, and Defendants have not met their burden to show these documents are within Plaintiff's control.

4. Request for Production No. 6 is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, and is unduly burdensome.

3 - ORDER

In their Objections, Defendants assert:

1. The Special Master incorrectly concluded Plaintiff was telling the truth that it had produced all necessary information to Defendants.

2. The Special Master relied on inaccurate statements from Plaintiff regarding the technology involved in the parties' claims to justify withholding relevant discovery.

3. The Special Master incorrectly concluded Requests for Production Nos. 6, 7, and 11 were not reasonably calculated to lead to the discovery of admissible evidence.

4. The Special Master incorrectly concluded Requests for Production 8, 17, and 18 were frivolous requests.

**II. Analysis**

This Court has carefully considered Defendants' Objections to the Special Master's Findings and Recommendations and has reviewed the pertinent portions of the record *de novo*.  There is not any question that there is much animosity and distrust among the parties in this case and that difficulties have persisted for some time in connection with discovery.  As the parties know, the Court's appointment of the Special Master was, in part, an effort to reduce friction and to facilitate forward progress in resolving the case.  It is unfortunate that Defendants have taken some offense at the perspectives of the Special Master.

In any event, having reviewed the record and the legal

4 - ORDER

analysis of the Special Master against the standards noted above, the Court does not find any error in the Special Master's ultimate conclusions that Plaintiff's discovery motion should be granted and Defendants' discovery motions should be denied. Accordingly, the Court **ADOPTS** those conclusions.[1]  In order to ensure timely completion of the discovery ordered hereunder, the Court directs the Special Master to set a clear deadline for that to occur.

For these reasons, Court **GRANTS** Plaintiff's Motion (#128) to Compel; **DENIES** Defendants' Motion (#129) to Compel Responses to Requests for Production Nos. 7 and 11; **DENIES** Defendants' Motion (#139) to Compel Responses to Requests for Production Nos. 8, 17, and 18; and **DENIES** Defendants' Motion (#144) to Compel Responses to Request for Production No. 6.  The Court also **DENIES** Plaintiff's request for sanctions with leave to renew at a time permitted by the Special Master or at such later time as permitted by the Court.

IT IS SO ORDERED.

DATED this 24th day of January, 2014.

                                         s/s Anna J. Brown
                                         ANNA J. BROWN
                                         United States District Judge

---

[1] For purposes of this review, the Court finds it unnecessary to litigate further the Special Master's view that some of Defendants' discovery arguments have been "frivolous."

5 - ORDER