IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

APANTAC LLC,                                    3:11-CV-01507-BR

      Plaintiff,

                                  OPINION AND ORDER

v.

AVITECH INTERNATIONAL CORP.
and JYH CHERN GONG,

      Defendants.


JOHN M. BERMAN
DAMON J. PETTICORD
7175 S.W. Beveland, Ste. 210
Tigard, OR 97223
(503) 670-1122

        Attorneys for Plaintiff

FRANK S. HOMSHER
JOHN M. GRAHAM
JOHN J. TOLLEFSEN
Tollefsen Law PLC
2122 164th St. S.W., Ste. 300
Lynnwood, WA 98087-7812
(503) 224-4600

        Attorneys for Defendants


BROWN, Judge.

    This matter comes before the Court on Plaintiff Apantac

LLC's Motion (#257) for Attorney Fees.  In its Motion Plaintiff

1 - OPINION AND ORDER

requests the Court to award to Plaintiff and against Defendants
Avitech International Corporation and Jyh Chern Gong (aka Morris
Gong) $5,512.50 in attorneys' fees and $5,716.25 in expenses
incurred by Plaintiff as the result of Defendants' discovery
abuses as set out in Findings & Recommendation (F&R) (#244) of
Special Master Stephen Joncus.

For the reasons that follow, the Court **GRANTS** Apantac's
Motion for Attorneys' Fees and **AWARDS** to Plaintiff attorneys'
fees in the amount of **$5,512.50** and expenses in the amount of
**$5,716.25.**  Because there are not any other issues in this case
for the Court to resolve, the Court also **DISMISSES** this matter in
its entirety.

## BACKGROUND

In its Order (#252) issued June 23, 2014, the Court adopted
that part of the Special Master's F&R of in which he recommended
this Court "sanction Defendants by requiring them to pay to
Apantac the expenses and additional attorneys' fees that Apantac
incurred in pursuing discovery as a result of Defendants'
discovery abuses."  Order at 15.

On July 2, 2014, Plaintiff filed a Motion (#257) for
Attorney Fees.  On July 18, 2014, Defendants filed their
Opposition (#260) and Response to Plaintiff's Motion.

2 - OPINION AND ORDER

The Court took Plaintiff's Motion under advisement on July 18, 2014.

## STANDARDS

The Ninth Circuit generally has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). The party seeking an award of attorneys' fees bears the burden to produce evidence to support the number of hours worked and the rates claimed. *United Steelworkers of Am. v. Retirement Income Plan for Hourly-rated Employees of* Asarco, *Inc.*, 512 F.3d 555, 565 (9th Cir. 2008). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The "district court has a great deal of discretion in determining the reasonableness" of attorneys' fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)(citing *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

To determine the lodestar amount, the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and
> difficulty of the questions involved; (3) the skill
> requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney
> due to acceptance of the case; (5) the customary fee;
> (6) whether the fee is fixed or contingent; (7) time
> limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the
> attorneys; (10) the "undesirability" of the case;
> (11) the nature and length of the professional
> relationship with the client; and (12) awards in
> similar cases.

*Fischel v. Equitable Life Assur. Soc'y of* U.S., 307 F.3d 997,
1007 n.7 (9th Cir. 2002). "The Court need not consider all . . .
factors, but only those called into question by the case at hand
and necessary to support the reasonableness of the fee award."
*Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir.
2002)(quoting *Kessler v. Assocs. Fin. Servs. Co. of Haw.*, 639
F.2d 498, 500 n.1 (9th Cir. 1981)).


## DISCUSSION

Plaintiff requests the Court to award to Plaintiff
attorneys' fees in the amount of $5,512.50 and expenses in the
amount of $5,716.25 related to its Motion for Sanctions.
Defendants, in turn, ask the Court to reduce the amount of
attorneys' fees and expenses requested by Plaintiff.

In its Order imposing sanctions, the Court found "Defendants
knowingly failed to respond completely and accurately to

[Plaintiff's] interrogatories" and sanctioned Defendants by requiring them to pay the "reasonable expenses and fees caused by Defendants' failure to answer the interrogatories . . . ." Order at 13-14.  Although Defendants continue to oppose the Court's imposition of sanctions, the Court notes Defendants previously had ample opportunity to present their objections to the Special Master and to this Court as to the grounds for sanctions and as to the sanctions themselves (*i.e.*, the award of reasonable expenses and attorneys' fees to Plaintiff).  Having already resolved those issues after a fair process to develop the record, the Court will not revisit them at this juncture.

Accordingly, the only issue before the Court now is the amount and reasonableness of the attorneys' fees and expenses to be awarded to Plaintiff.

**I.   Attorneys' Fees**

   **A.   Reasonable Hourly Rates**

Plaintiff requests fees for 19.5 hours of work related to its Motion for Sanctions performed by two attorneys:  John M. Berman and Damon J. Petticord.  This Court uses the most recent Oregon State Bar Economic Survey published in 2012 (OSB Survey) as its benchmark to determine the reasonable hourly rate. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.  Defendants do not

specifically dispute the hourly rates requested for Plaintiff's attorneys, Berman or Petticord.

### 1.   John M. Berman

Berman has been practicing law for over 40 years (*i.e.*, since 1972) and requests an hourly rate of $300.  He focuses primarily on nonpersonal injury litigation including complex and business/corporate litigation.  His office is located in Tigard, which is in the Portland area.  According to the OSB Survey, Portland attorneys with Berman's level of experience billed on average at a rate of $340 per hour in 2012.  In addition, Portland attorneys practicing business/corporate litigation billed on average at a rate of $300 per hour in 2012.

The Court concludes John M. Berman's requested rate of $300 per hour, therefore, is reasonable under the OSB Survey.

### 2.   Damon J. Petticord

Petticord has been practicing law for approximately 18 years and requests an hourly rate of $225.  His office is also located in Tigard.  According to the OSB Survey, Portland attorneys with Petticord's level of experience billed on average at a rate of $256 per hour in 2012.  In addition, Portland attorneys practicing business/corporate litigation billed on average at a rate of $300 per hour in 2012.

The Court concludes Damon J. Petticord's requested rate of $225 per hour, therefore, is reasonable under the OSB Survey.

**B.    Reasonable Hours Expended**

Plaintiff requests an award for attorneys' fees for 15 hours of work by Berman and 4.5 hours of work by Petticord for a total of 19.5 hours.  Defendants generally object and argue the amount being requested as a sanction is not commensurate with the work product produced or the conduct being sanctioned.

To support their position, Defendants argue even though Plaintiff's counsel stated they consulted legal authority, Plaintiff's "briefs themselves do not contain any legal argument or analysis of supporting case law."  Defendants contend because Plaintiff's Motion "largely consisted of a rehash of points and arguments made in prior briefs and passages that were cut-and-pasted or paraphrased from oral argument transcripts and the interrogatory at the center of Plaintiff's motion[,]" this process "should have taken no more than four or five hours."  Defendants also assert the sanction "is too severe and not warranted based on the extensive record of interaction between Plaintiff and Defendant[s]" during discovery.

In its Motion Plaintiff requests attorneys' fees for preparing the Motion for Sanctions (3 pages); the Memorandum of Law in Support of the Motion (9 pages); the Declarations of John M. Berman (3 pages plus exhibits), Jun Ping Zhao (5 pages), and Thomas Tang (4 pages) in support of the Motion; the Reply (6

pages); and the Response to Defendants' Objections to the Special Master's F&R (4 pages).  The documents together exceed 30 pages. To prepare those documents, Plaintiff's counsel consulted with the declarants and client; researched sanctions criteria; and reviewed Defendants' pleadings, the F&R, and Defendants' Objections to the F&R.  Decl. of John M. Berman, Ex. 1 at 4. Although Defendants argue the "approximately 10 pages of content from the motion and reply should have taken no more than four or five hours to prepare," the Court notes the substance of Plaintiff's pleadings exceeds ten pages and crafting fact-heavy arguments, consulting with clients, and preparing declarations requires more than a minimal investment of time.

On this record, therefore, the Court does not find any basis to reduce the number of hours that Berman and Petticord worked on the disputed issues and for which the Court is making a "fees" reimbursement award as a sanction.

Finally, the Court finds the amount of attorneys' fees that Plaintiff requests is commensurate with the sanctioned conduct. In the F&R the Special Master recounts Defendants' discovery abuses, which involved knowingly failing to respond completely and accurately to interrogatories.  The Court notes that finding is consistent with the Court's own observations of Defendants' discovery conduct before the Court referred the discovery issues

to a Special Master.  In any event, this Order limits the award
of attorneys' fees to those that directly result from Defendants'
discovery abuses.

In summary, the Court concludes the 19.5 hours of time
devoted to this issue by Plaintiff's attorneys was reasonable.
The Court, therefore, grants Plaintiff's Motion and awards to
Plaintiff $5,512.50 in attorneys' fees as follows:

| Attorney | Hourly Rate | Hours | Lodestar |
|----------|-------------|-------|----------|
| John M. Berman | $300 | 15 | $4,500.00 |
| Damon J. Petticord | $225 | 4.5 | $1,012.50 |
| TOTAL | | | $5,512.50 |

## II. Expenses (Special Master's Fees)

The Court has not found any evidence in the record that
indicates Defendants objected to the Special Master's fees when
they were charged to the parties, and each party appears to have
paid half of the Special Master's total fees without objection to
the amounts charged.

Although the Court adopted the Special Master's
recommendation to award Plaintiff reasonable expenses incurred as
the result of Defendants' discovery abuses, Defendants,
nevertheless, assert the amount of any award of these expenses
should be reduced on the ground that if "Plaintiff [had] been
clear with its objections [to the insufficient answers to the

interrogatories], then this dispute may have been resolved without the need to file a motion in the first place." As the Court has pointed out, however, the Special Master specifically recommended this Court award Plaintiff recovery of its costs related to Plaintiff's Motion for Sanctions, and the Court adopted that recommendation after full briefing. The Court, therefore, declines to revisit Defendants' argument in the context of this motion.

Accordingly, the Court awards to Plaintiff expenses in the amount of $5,716.25 to reimburse Plaintiff for expenses it incurred as a result of the Special Master's handling of the sanctions issue.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#257) for Attorney Fees and **AWARDS** to Plaintiff attorneys' fees in the amount of **$5,512.50** and expenses in the amount of **$5,716.25**.

Because there are not any other issues for this Court to resolve in this case, the Court **DISMISSES** this matter in its entirety. Accordingly, the Court directs Plaintiff's counsel to confer with Defendants' counsel and to submit no later than

**September 30, 2014**, a form of Final Judgment for the Court's

consideration.

       IT IS SO ORDERED.

       DATED this 16th day of September, 2014.


                                      /s/ Anna J. Brown

                                  _____

                                  ANNA J. BROWN
                                  United States District Judge

11- OPINION AND ORDER