IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
APANTAC, LLC,                              3:11-cv-01507-BR

        Plaintiff,                         OPINION AND ORDER

v.

AVITECH INTERNATIONAL CORP.
and JYH CHERN GONG,

        Defendants.
```

JOHN M. BERMAN
DAMON JAMES PETTICORD
7175 S.W. Beveland Street
Suite 210
Tigard, Oregon 97223
(503) 670-1122

       Attorneys for Plaintiff

JOHN J. TOLLEFSEN
JOHN M. GRAHAM
FRANK S. HOMSHER
Tollefsen Law Office, PC
2122 164th Street S.W.
Suite 300
Lynnwood, Washington 98087
(503) 224-4600

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants Bill (#264) of Costs in which Defendants seek to recover filing, deposition-transcript, and "interpretation services" costs in the amount of $15,263.55.  For the following reasons, the Court awards to Defendants **$11,511.25** in costs.

## STANDARDS

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  Accordingly, the Court applies federal law to the issue of awarding costs in this case.

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part:  "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1)  Fees of the clerk and marshal;
> > (2)  Fees for printed or electronically recorded

2 - OPINION AND ORDER

>      transcripts necessarily obtained for use in
>      the case;
> (3) Fees and disbursements for printing and
>      witnesses;
> (4) Fees for exemplification and the costs of
>      making copies of any materials where the
>      copies are necessarily obtained for use in
>      the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts,
>      compensation of interpreters, and salaries,
>      fees, expenses, and costs of special
>      interpretation services under section 1828 of
>      this title.
>
> A bill of costs shall be filed in the case and, upon
> allowance, included in the judgment or decree.

See also *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013).

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

## DISCUSSION

### I. Prevailing Party

Plaintiff argues Defendants are not prevailing parties

3 - OPINION AND ORDER

within the meaning of Rule 54(d) because Plaintiff has a money judgment against Defendant as a result of the Court's Order (#252) sanctioning Defendants for discovery violations.

To be considered a "prevailing party" under Rule 54(d) the party must be the beneficiary of a decision on the merits. "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary" to permit an award of costs under Rule 54(d). *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001). See also *Miles v. State of Cal.*, 320 F.3d 986, 989 (9th Cir. 2003)(applying *Buckhannon* to a Rule 54(d)(1) bill of costs).

The Court finds its Judgment (#263), which includes a summary of the Court's rulings on the parties' cross-motions for summary judgment and on Plaintiff's motion for sanctions, is a "judgment[] on the merits" that creates a "'material alteration of the legal relationship between the parties'" in Defendants' favor. *See Buckhannon Bd. and Care Home, Inc.*, 532 U.S. at 603.

Accordingly, on this record the Court concludes Defendants are prevailing parties within the meaning of Rule 54(d).

## II. **Recoverability of Claimed Costs**

In their Bill of Costs Defendants seek three general types of costs: $350.00 for court filing costs, $12,963.55 for printed or electronic transcripts, and $1,950.00 for "interpretation

4 - OPINION AND ORDER

services."  Plaintiff does not dispute the $350.00 in filing costs are taxable, but Plaintiff argues the deposition-transcript costs and interpretation-services fees are not recoverable.

### A.   Deposition Costs

Costs for copies of necessarily-obtained deposition transcripts are recoverable under Rule 54(d)(1).  *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).  "The fact that the deposition transcripts were not ultimately used in dispositive-motion practice or at trial is not sufficient to automatically render the transcripts unnecessary."  *Jansen v. Experian Info. Solutions, Inc.*, No. 05-cv-00385-BR, 2011 WL 846876, at *15 (D. Or. Mar. 9, 2011).

Defendants seek $12,963.55 in deposition-related costs.  The Court notes, however, the invoices submitted by Defendants only reflect $11,161.25 in deposition-related costs, including $6,318.90 for paper and electronic transcripts, $4,800.00 in court-reporter appearance fees, and $42.35 in postage and delivery costs.  Accordingly, the Court focuses its analysis of Defendant's claim for deposition-related costs on the sum of $11,161.25.

### 1.   Costs Related to Transcripts

Plaintiff argues Defendants' claim for $6,318.90 in deposition-transcript costs are not recoverable because the depositions were taken for purposes of discovery on the merits

5 - OPINION AND ORDER

and did not have any bearing on the Court's ultimate disposition.

Defendants contend the depositions were necessary to secure the deponents' testimony at trial because the deponents were located outside of the United States and, therefore, the Court's subpoena power. Defendants also argue many of the deposition transcripts were necessary as reflected by the fact that Plaintiff excerpted all but the deposition of Thomas Tang in Plaintiff's motions or responses to Defendants' motions and it was necessary for Defendants to obtain Tang's deposition and have it reviewed by Defendant's expert because Tang (as Plaintiff's principal) was Plaintiff's likely primary witness and would be presented as an expert.

The Court agrees with Defendants that the deposition transcripts were necessarily obtained as part of Defendants' preparations for dispositive motions on the merits and/or trial. The mere fact that the deposition transcripts were not directly relevant to the ultimate disposition of the case does not render unnecessary Defendants' expenditures in obtaining the transcripts. *See Jansen*, 2011 WL 846876, at *15 ("The fact that the deposition transcripts were not ultimately used in dispositive-motion practice or at trial is not sufficient to automatically render the transcripts unnecessary.").

Defendants also seek $42.35 in postage and delivery costs for the deposition transcripts. The Court finds such

6 - OPINION AND ORDER

postage and delivery costs are reasonably part of the costs of obtaining the transcripts.

On this record the Court, in the exercise of its discretion, concludes Defendants' deposition-transcript costs were "necessarily obtained for use in the case" and, therefore, reasonable. Accordingly, the Court awards Defendants $6,318.90 in costs related to obtaining deposition transcripts and $42.35 in costs related to delivery of the ordered transcripts. *See* 28 U.S.C. § 1920(2).

**2. Court-Reporter Appearance Fees**

Plaintiff next argues Defendants' claim for $4,800.00 in court-reporter appearance fees is not recoverable. As noted, 28 U.S.C. § 1920(2) provides the Court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Although the Court may not tax costs that are not enumerated in 28 U.S.C. § 1920 and the statute does not explicitly list court-reporter appearance fees as taxable, the court is "free to interpret what constitutes taxable costs" under the statute. *See Alflex*, 914 F.2d at 177. Thus, the Court may determine whether the phrase "[f]ees for printed or electronically recorded transcripts" includes the cost of creating the transcript in addition to recovery of the cost of reproducing the transcript. *See* 28 U.S.C. § 1920(2).

The Court concludes "[f]ees for printed or

7 - OPINION AND ORDER

electronically recorded transcripts" is reasonably read to permit taxation of both the cost of creating the transcript and the cost of reproducing the transcript. *See Williford v. Multnomah Cnty.*, No. 06-cv-01289-PK, 2010 WL 5648878, at *5 (D. Or. Dec. 28, 2010). Thus, because both of these costs are necessary to obtain a transcript and § 1920(2) does not distinguish between them, the Court interprets § 1920(2) to allow a prevailing party to recover the court-reporter appearance fees for the creation of a transcript.

Plaintiff does not raise any additional objections to the amount of court-reporter appearance fees sought by Defendant. Thus, for the same reasons the Court found the deposition-transcript costs were proper, the Court concludes Defendants reasonably incurred $4,800.00 in court-reporter appearance fees for creating the deposition transcripts.

Accordingly, on this record the Court, in the exercise of its discretion, awards Defendants $4,800.00 in costs for court-reporter appearance fees.

**B. Costs for Interpretation Services**

Plaintiff argues Defendants cannot recover $1,950.00 for "interpretation services." Defendants, however, contend they are entitled to recover under § 1920(6) the costs paid to Shun Liang for review and translation of "dozens of documents [from] Mandarin Chinese to English that were provided by Plaintiff in

8 - OPINION AND ORDER

response to discovery requests."  Defs.' Reply at 5.

Section 1920(6) provides a prevailing party may recover "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]."  The Supreme Court, however, has held "the category 'compensation of interpreters' in § 1920(6) does not include costs for document translation."  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2007 (2012).

Accordingly, on this record the Court concludes Defendants cannot recover $1,950.00 for document-translation services.

## CONCLUSION

For these reasons the Court, in the exercise of its discretion, awards Defendants costs in the amount of **$11,511.25**.

IT IS SO ORDERED.

DATED this 26th day of November, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER